IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| John Doe, | ) | Case No.: 4:25-cv-03187-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Truthfinder, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Plaintiff's Motion to Proceed Under a Pseudonym, or, in the alternative, for a Protective Order (DE 5). For these reasons, Plaintiff John Doe's ("Plaintiff") motion is granted.

## I.     BACKGROUND

Plaintiff brings this action pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., alleging that Defendant improperly included expunged criminal records and misattributed criminal charges in a consumer report furnished to a prospective landlord. As a result, Plaintiff's housing application was denied, causing Plaintiff significant personal and financial harm. (DE 5 at 2-3.)

Plaintiff moves to proceed under a pseudonym to protect his privacy interests, arguing that if forced to publicly reveal his identity, the litigation itself would perpetuate the very harm—public disclosure of expunged and inaccurate criminal history—that this suit seeks to redress. Plaintiff contends that such disclosure would impair his future housing and employment opportunities and circumvent the

1

confidentiality protections afforded under South Carolina law and the FCRA. (DE 5 at 4-6.)

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 10(a) generally requires that the title of a complaint name all parties. However, courts have recognized that under limited circumstances, a party may be permitted to proceed anonymously. See *Doe v. Public Citizen*, 749 F.3d 246, 273-74 (4th Cir. 2014).

In determining whether to allow pseudonymous litigation, courts within the Fourth Circuit balance the party's stated interest in anonymity against the public's interest in open judicial proceedings and any potential prejudice to the opposing party. *See James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). The Fourth Circuit has identified several non-exhaustive factors to guide this analysis, including:

1. Whether the justification is to preserve privacy in a matter of sensitive and highly personal nature or merely to avoid annoyance;

2. Whether identification poses a risk of retaliatory harm;

3. The ages of persons whose privacy interests are at stake;

4. Whether the action is against a governmental or private party; and

5. The risk of unfairness to the opposing party.

*Id.*; *see also Doe v. Alger*, 317 F.R.D. 37, 39-40 (W.D. Va. 2016).

## III.     DISCUSSION

Plaintiff seeks an order allowing him to proceed under a pseudonym to prosecute his FCRA claim against Defendant. (DE 5.) The Court finds the factors in *James* counsel for granting Plaintiff's request.

## A.     Sensitive and Highly Personal Nature

Plaintiff's motion demonstrates that the underlying subject matter involves highly sensitive personal information—namely, expunged criminal records and an erroneously attributed misdemeanor charge. South Carolina law explicitly protects the confidentiality of expunged records, making them inaccessible to the public except by court order. S.C. Code Ann. § 17-1-40. Disclosure of Plaintiff's identity would effectively negate these statutory protections and broadcast expunged or incorrect information, risking precisely the type of reputational and economic harm that the FCRA and state law seek to prevent. (DE 5 at 5.)

This factor strongly favors allowing Plaintiff to proceed anonymously. See *Doe v. Alger*, 317 F.R.D. at 40 (finding matters implicating sexual misconduct allegations "sufficiently sensitive and personal" to justify pseudonymity); *James v. Jacobson*, 6 F.3d at 238 (recognizing protection of private matters that are "highly personal").

## B.     Risk of Concrete Harm

Plaintiff has already suffered denial of housing due to the Defendant's report. Making Plaintiff's identity public would foreseeably jeopardize future housing and employment prospects, as prospective landlords or employers could associate Plaintiff's name with expunged or misattributed charges accessible through public court filings. (DE 5 at 6-7.) This risk of continuing harm supports pseudonymous litigation. *See Doe v. Public Citizen*, 749 F.3d at 274 (recognizing courts may protect parties from serious harm through anonymity).

## C.     Minimal Prejudice to Defendant

3

Plaintiff has represented to the Court that he will disclose his identity to Defendant during the litigation process, ensuring that Defendant's ability to conduct discovery and mount a defense is not compromised. (DE 5 at 5-6.) Courts routinely find that allowing a pseudonym under such circumstances does not unfairly prejudice defendants. *See Doe v. Alger*, 317 F.R.D. at 41 (emphasizing that disclosure to opposing counsel mitigates prejudice).

**D.    Public Interest Considerations**

While there is a strong presumption in favor of open judicial proceedings, this interest is substantially outweighed here by Plaintiff's privacy rights and the risk that denying anonymity would force Plaintiff to choose between abandoning his statutory rights under the FCRA or subjecting himself to renewed public harm. See *James v. Jacobson*, 6 F.3d at 238; *Doe v. Alger*, 317 F.R.D. at 41. Moreover, the public will still have access to the substantive proceedings and judicial rulings; only Plaintiff's personal identity will be withheld.

## IV.    CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff's substantial privacy interests outweigh the customary presumption of openness in judicial proceedings and that proceeding under a pseudonym is necessary to protect those interests without prejudice to Defendant.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed Under a Pseudonym (DE 5) is **GRANTED.** Plaintiff shall be permitted to proceed in this litigation as "John Doe." Plaintiff shall disclose his true identity to Defendant under the terms of an agreed confidentiality stipulation or protective order.

**IT IS SO ORDERED**.


Joseph Dawson, III
United States District Judge

Florence, South Carolina
July 2, 2025